The opinion of the Court was delivered by
Fenner, J.
George Shantz, Carl Stoll and Henry Walters, purchased at a marshal’s sale of confiscated property a certain lot of ground and improvements situated in Baton Rouge. Walters sold his share to the other two, so that Shantz and Stoll became equal joint owners. On July 22, 1871, Stoll sold to Shantz his undivided half for $800, with full warranty. Shantz transferred the property with full warranty to his wife, in satisfaction of á judgment held by her against him. After the death of Michael Prendergast, the owner of the property at the time of the confiscation proceedings, the administrator of his estate brought suit oa September 21, 1876, against George Shantz and wife to recover the property and rent from July 22,1871. Shantz *1238 and wife defended the suit, but did not call Stoll in warranty. Judgment was rendered against them for the property and for rent at the rate of flOOjper annum, from judicial demand, viz: Sept. 21, 187(5; which judgment, on appeal, was affirmed by this Court. The present action is brought to enforce the warranty of defendiint, and thereupon to recover the purchase price, one-half the cost of the proceedings in eviction, including attorneys’ fees, and one-half the rent recovered by the evictor. The judgment appealed from allowed the price; $150 as attorney’s fees; $100 as costs; and $100 as rents.
The following are the questions presented :
1. Defendant excepted t.o the testimony of the husband, George Shantz. We think the judge did not err in receiving it. He was a party plaintiff and, as warrantor of his wife, had a direct interest and was, In fact, the beneficial plaintiff. For his interest he was a competent 'witness. C. C. 2281.
2. The evidence satisfies us that both Shantz and Stoll intended to acquire, and supposed that they had acquired under the confiscation proceeding, a fee-simple title to the property. The deed from Stoll to Shantz, and the price paid by the latter, conclusively show that this was the title intended to bo conveyed and warranted. That this was a mistake of law, shared by both parties, cannot affect the obligation of the vendor under his warranty.
3. The failure to call Stoll in warranty, in absence of proof that he had any defense, cannot avail to defeat plaintiffs’ rights to re-imbursement of the price, (C. C. 2518, C. P. 388) and of the rent paid under judgment to the evictor.
4. It is otherwise, however, as to the costs. It is clearly settled that the vendor, if not called in warranty and allowed the opportunity to determine whether he shall defend or not and how he shall defend, is not liable for the costs incurred beyond the service of the original process. He cannot be held responsible for the expenses of a litiga-tion which, if he had been notified thereof," he might have avoided. Delacroix vs. Cenas, 8 N. S. 355.
The attorney’s fees, in every event, were improperly allowed. Sarpy vs. New Orleans, 14 An. 311; Late vs. Armorer, Id. 82(5.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reduced by the sum of two hundred and fifty dollars allowed as costs and attorney’s fees, and as thus amended, the samebe affirmed, plaintiffs and appellees to pay the costs of this appeal.
Rehearing refused.